**Frank I. Bennett et al., trading as Highlands Company, Plaintiffs in Error, v. John Sydney Baxter, Defendant in Error.**

**Gen. No. 22,449.    (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. JOHN COURTNEY, Judge, presiding. Heard in this court at the October term, 1916. Reversed and judgment here for $127.57. Opinion filed December 18, 1916. Rehearing denied December 29, 1916.

### Statement of the Case.

Action by Frank I. Bennett, George R. Bennett, Charles J. Bour, Clyde L. Day, Frank B. Harrimon, Luther W. Conover, Edward P. Skene, William J. Harahan, David W. Ross, Samuel G. Hatch and Francis B. Bowes, trading as Highlands Company, plaintiffs, against John Sydney Baxter, defendant. To review a judgment for defendant, plaintiffs prosecute a writ of error.

CHURCH, SHEPARD & DAY, for plaintiffs in error; HOWARD W. LEWIS, of counsel.

JOHN J. BEILMAN, for defendant in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Bennett v. Baxter, 202 Ill. App. 236.

## Abstract of the Decision.

1. ACCORD AND SATISFACTION, § 3*—*what is essential to make accord and satisfaction a defense.*  Where a defendant resisted recovery on the ground that one of the plaintiffs had released him from payment of a certain interest charge, *held* that, inasmuch as there was no dispute as to the amount owing, there could be no accord and satisfaction on payment of an amount less than that due as there was no consideration for the promise.

2. JUDGMENT, § 208*—*when judgment non obstante veredicto properly entered.*  Where the defense embodied in an affidavit of merits does not state facts, which, if uncontroverted, would entitle the defendant to prevail, a judgment *non obstante veredicto* should be entered on the plaintiffs' motion.

3. ACCORD AND SATISFACTION, § 7*—*when affidavit of merits setting up is insufficient.*  Where an affidavit of merits stated that there was an accounting between the plaintiffs and the defendant and the amount of the defendant's indebtedness settled in such accounting, that such amount was to be secured by a mortgage and that the negotiation of the mortgage resulted in the payment of commissions, without stating to whom the commissions were paid, *held* that as such expense, unexplained, was the mortgagor's, and no intendment to the contrary could be indulged in the absence of any direct statement concerning it, the affidavit presented no meritorious defense, and that the plaintiffs' motion for a judgment *non obstante veredicto* should have been granted.

4. APPEAL AND ERROR, § 1810*—*when judgment on reversal entered in Appellate Court.*  Where, in an action in the Municipal Court of Chicago, the amount claimed by the plaintiffs was liquidated, fixed and ascertained and the defendant's affidavit of merits did not state a valid defense, a judgment for the defendant was reversed and judgment for the plaintiffs for the amount claimed together with interest to the filing of the opinion was entered in the Appellate Court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.